IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| DAVID ALLEN IPPOLITO, | ) | |
| | ) | Civil No. 11-676-PK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOE DeCAMP, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

MOSMAN, District Judge.

Plaintiff moves for temporary injunctive relief preventing "any and all working under the color of Oregon Department of Corrections" from retaliating against him for filing this action or otherwise violating his rights.

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.[1]  Under the

---

[1] Notably, the standards for issuance of a temporary restraining order are at least as exacting as those for a

1 - ORDER

"traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

Plaintiff's motion for injunctive relief is denied on the basis that he has failed to demonstrate a likelihood of success on the merits, the relief he seeks extends beyond the scope of the allegations in his Complaint, and he offers no basis to support the

---

preliminary injunction. Los Angeles Unified Sch. Dist. v. United States Dist. Court for the Cent. Dist. of Cal., 650 F.2d 1004, 1008 (9th Cir. 1981).

2 - ORDER

issuance of injunctive relief without notice to the parties. See Fed.R.Civ.P. 65(b)(1)(setting forth requirements for issuing TRO without notice); 18 U.S.C. § 3626(a)(2)(providing that preliminary injunctive relief in civil action with respect to prison conditions must be narrowly drawn); Winter v. Natural Res. Def. Council, Inc, 129 S.Ct. 365, 374 (2008)(plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

## CONCLUSION

Based on the foregoing, plaintiff's Motion [3] is DENIED.

IT IS SO ORDERED.

DATED this 23 day of August, 2011.

_____
Michael W. Mosman
United States District Judge

3 - ORDER